UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DANIEL H. JONES, No. 443638 | ) | |
| | ) | |
| V. | ) | NO. 2:11-CV-47 |
| | ) | |
| ROBERT H. MONTGOMERY, Jr., | ) | |
| Judge; LYNN BROWN, Judge; | ) | |
| ROBERT KUPP, Judge; RUSSELL | ) | |
| PERKINS, Chancellor; WILLIAM | ) | |
| O. SHULTZ, Chairman, Tennessee | ) | |
| Claims Commission; NANCY C. | ) | |
| HERRON, Claims Comm'r; | ) | |
| STEPHANIE REEVERS, Claims | ) | |
| Comm'r; MARK GWYN, Director, | ) | |
| Tennessee Bureau of Investigation; | ) | |
| and AVIS STONE, Coordinator, | ) | |
| Tennessee Bureau of Investigation, | ) | |
| | ) | |
| | ) | |
| All in their official and | ) | |
| individual capacity. | ) | |

## **MEMORANDUM and ORDER**

Acting *pro se* and seeking declaratory, injunctive, and monetary relief, state prisoner Daniel H. Jones brings this civil rights action under 42 U.S.C. § 1983 against four state judicial officers, three Tennessee Board of Claims commissioners, and two officials in the Tennessee Bureau of Investigation [hereinafter "TBI"]. Plaintiff alleges

that defendants infringed upon his Eighth and Fourteenth Amendment rights by failing to act on his request to expunge from his records a prior Kentucky sex conviction (and, while not altogether clear, also a charge of aggravated rape in Sullivan County, Tennessee, which was subsequently dismissed), despite the fact that he was legally entitled to the expungement.

## I. The Filing Fee

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d

---

[1] Send all payments to:
   Clerk, USDC
   220 West Depot Street, Suite 200
   Greeneville, TN 37743

601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the above fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined and to Derrick Schofield, Commissioner of the Tennessee Department of Correction.

## II. Plaintiff's Allegations

In his complaint, plaintiff makes the allegations which follow. On April 30, 2010, plaintiff asked the Tennessee Claims Commission to expunge from his records a previously dismissed sex-offense charge and to remove his name from the State's sex offenders registry. However, defendant Commissioners Shultz, Herron, and Reevers denied him an in-person hearing and, without reviewing the merits, dismissed his claims against TBI defendants Gwyn and Stone for their failure to act in the matter. Plaintiff has heard nothing regarding his motions to have his case transferred to the appropriate chancery and/or circuit court.

On October 13, 2010, plaintiff filed a petition for a writ of mandamus in the Sullivan County Criminal Court, seeking to have defendant Judge Robert Montgomery enforce its order of expungement with respect to the Tennessee charge. Judge

Montgomery, in violation of his statutory obligation to act in the matter, dismissed the petition summarily on the basis of improper venue.

Thereafter, plaintiff sought mandamus relief with respect to this matter in courts presided over by defendant Judges Lynn Brown and Robert Kupp,[2] but neither defendant has considered plaintiff's case and neither has sought to have another judge decide the matter. When (by inference), plaintiff brought his claims to the Davidson County Chancery Court, defendant Chancellor Russell Perkins dismissed his case without prejudice, but also without considering the merits of those claims.

Plaintiff would have the Court issue a declaratory judgment finding that defendants have inflicted upon him cruel and unusual punishments for the above described actions or failures to act, issue an injunction directing defendants to perform their duties to attend to the expungement "without delay," and award him punitive, actual, and prospective damages.

### III. Screening the Complaint

The complaint must now be screened and, if it is frivolous or malicious; fails to state a claim; or names defendants who are immune, it must be dismissed. 28 U.S.C. § 1915A and § 1915(e). In conducting this review, this *pro se* filing will be liberally construed and held "to less stringent standards than formal pleadings drafted by

---

[2] Although the Court uses the spelling used by the plaintiff, plaintiff has misspelled Judge Cupp's name. The correct spelling is "Cupp."

lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For ease of discussion, the claims have been divided into categories.

A. *Official Capacity Claims*

All defendants are sued in their official and individual capacity. An official capacity lawsuit for damages against a state agency or its employees implicates the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This amendment, as interpreted by the Supreme Court, bars an action for damages in a federal court against a State, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. *See, e.g., Hans v. Louisiana*, 134 U.S. 1, 10 (1890), *overruled on other grounds by statute*, 42 U.S.C. § 2000d-7. The same immunity applies to an instrumentality of the state, i.e., a state agency, or employees of a state agency in their official capacity. *Regents of the University of California v. Doe*, 519 U.S. 425 (1997); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

Congress did not abrogate Eleventh Amendment immunity by enacting § 1983, *Quern v. Jordan*, 440 U.S. 332 (1979), and the State of Tennessee has not waived its right to sovereign immunity. *Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th

5

Cir. 1980). *See also* Tenn. Code Ann. § 20-13-102(a). Accordingly, the state Claims Commissioners and the TBI employees in their official capacities are entitled to immunity from damages.

B. *Claims against the Judges and the Chancellor*

Judges too enjoy immunity from damages and their immunity is absolute for actions taken within the scope of their judicial duties. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614 (6th Cir. 2004) ("The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983.") Clearly, Judges Montgomery, Brown, and Kupp and Chancellor Perkins are protected by immunity because each was acting within the scope of his jurisdiction in making rulings in plaintiff's cases, dismissing plaintiff's claims, and in the management of the court's docket.

C. *Claims of Stigmatization*

To the extent plaintiff is contending that he has some kind of constitutionally protected liberty or property interest in his reputation, his reference to "the undesirable stigma of having been charged with a [sex] offense, where the [then] prosecution was abandoned," *see* Compl. at 5, 7 and 9, fails to state a cognizable § 1983 claim because the Constitution confers no such an interest. *Paul v. Davis*, 424 U.S. 693, 711 (1976).

6

D. *Collateral Attack*

Under the doctrine which evolved from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia v. Feldman*, 460 U.S. 462 (1983), a district court lacks jurisdiction to review, modify, or reverse a judicial determination made by a state court, even if that determination is challenged as unconstitutional. *Rooker*, 263 U.S. at 414-16; *Feldman*, 460 U.S. at 483 n.16. As explained recently by the Supreme Court, "[t]he *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's complaint falls within the scope of this doctrine because he claims entitlement to relief based, in part, on the mental anguish caused him by defendants' failure to give him the relief sought, to wit, expungement, by dismissing or disregarding his claims and suits. *See Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) ("[T]he pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment . . . .") (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Because plaintiff seeks

7

expunction of his Kentucky conviction/Tennessee sex offense charge, his claim is precluded by the rule in *Rooker-Feldman*. *Cf., Hood v. Keller*, 341 F.3d 593, 598 (6th Cit. 2003) (finding that, where a plaintiff does not ask for expungement, *Rooker-Feldman* does not bar the claim).

E. *Non-Cognizable Claims*

Even if these claims were not barred by the Eleventh Amendment, judicial immunity, or the *Rooker-Feldman* doctrine, the case could not proceed on other grounds. Plaintiff's core claim is bottomed on defendants' failure to comply with a state law which allegedly requires his out-of-state conviction and/or Tennessee sex-related charge to be expunged from his criminal records.

However, "Section 1983 does not ... provide a basis for redressing violations of state law, but only for those violations of federal law done under color of state law." *Jones v. City and County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988). Here, plaintiff's argument that defendants failed to expunge his Kentucky sex-crime conviction/Tennessee aggravated rape charge, in violation of the obligation imposed on them under Tennessee law, fails to state a cognizable claim under § 1983. *See Boswell v. Mayer*, 169 F.3d 384, 388 (6th Cir. 1999) (finding that the alleged noncompliance with "a "host of state laws and administrative procedures" does not state a § 1983 claim).

8

Furthermore, plaintiff's request for an injunction ordering each defendant to execute his responsibility to expunge the Kentucky conviction/Tennessee sex-crime charge from his files is construed as a request for a writ of mandamus. Mandamus is an extraordinary remedy justified only under circumstances "amounting to a judicial usurpation of power." *Will v. United States*, 389 U.S. 90, 95 (1967). To qualify for mandamus relief, plaintiff must show he has no other adequate means of relief and that his right to such relief is "clear and indisputable." *In re Ford*, 987 F.2d 334, 341 (6th Cir.), *cert. denied*, 506 U.S. 862 (1992).

In this instance, plaintiff has failed to make any such a showing, but even if he has, this Court lacks authority to act under the circumstances here alleged. *See Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir.1970) (noting that "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties").

Because plaintiff's complaint has failed to pass the screening test, a separate order of dismissal will enter.[3]

**ENTER:**

                                                       s/J. RONNIE GREER
                                                   UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has filed a motion, [Doc. 16], seeking reconsideration of certain orders entered by the Magistrate Judge on November 21, 2011, [Docs. 14, 15]. The Court's order of judgment in the instant case renders plaintiff's motion moot.